UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICKEY CASS,

                Petitioner,                      MEMORANDUM
                                              AND ORDER
     -against-                             15 CV 3261 (WFK) (RML)

PAUL CHAPPIUS,

                Respondent.
----------------------------------------------------------X
LEVY, United States Magistrate Judge:

        Petitioner Mickey Cass ("petitioner") moves for reconsideration of the court's August 12, 2016 order granting in part and denying in part petitioner's motion for discovery. (See Motion for Reconsideration, filed Aug. 29, 2016.) The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. At the same time, the movant may not assert new arguments or claims that were not before the court on the original motion. See Cohen v. Fed. Express Corp., No. 07 CV 1288, 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007) ("The law in this Circuit is clear: a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on the original motion.") (internal quotation marks omitted); Levin v. Gallery 63 Antiques Corp., No. 04 CV 1504, 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ("It is clear that the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling

authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake. Motions for reconsideration allow the district court to correct its own mistakes, not those of the Parties.") (internal quotation marks and citations omitted); Koehler v. Bank of Bermuda Ltd., No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) ("It is implicit in [the] language [of Local Rule 6.3] that a motion for *reconsideration* cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been *considered*.") (emphasis in original). The purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Lawson v. New York City Bd. of Educ., No. 05 CV 825, 2011 WL 873146, at *1 (S.D.N.Y. Mar. 11, 2011).

It is well established that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." 28 U.S.C. § 2254, R.6(b). Good cause exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)) (ellipses in original). "Generalized statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite good cause." Pizzuti v. United States, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

Petitioner's motion seeks reconsideration of the court's decision denying his

request to serve "Interrogatories," which consist of fourteen requests for what petitioner terms "Factual Admissions." Petitioner has failed to meet the standard for reconsideration, in that petitioner has not pointed to data or controlling decisions that the court overlooked. However, even if viewed de novo, petitioner's motion must be denied, as he still has not demonstrated good cause for the discovery he requests. Petitioner's proposed Interrogatories include, inter alia, numerous requests requiring respondents to make factual admissions for which they have no basis of knowledge -- for example "Factual Admission #8: That the Petitioner's Buffalo Attorney, John K. Jordan, Esq., filed a C.P.L. Section 250.10 (1) (a) E.E.D. Notice in relation to the Petitioner's Buffalo Homicide Case . . . 'Without' the Petitioner's Knowledge or Consent . . . ." Similarly, Factual Admission #11 requires respondents to have been privy to private conversations between petitioner and his attorney: "Factual Admission #11: That the Petitioner never expressly Asserted, Authorized, or Utilized an E.E.D. [extreme emotional disturbance] Claim in relation to his Buffalo Homicide case . . . ." Other requests for Factual Admissions are argumentative, speculative, or call for legal conclusions. For example: "Factual Admission #7: That the only logical, and rational basis, for the Brooklyn case prosecutor [sic], and police [sic], 'Perjured Testimony' in relation to the Felony Nature of the Buffalo Criminal Mischief Case. . . was to 'Circumvent Suppression' of statements acquired from the Petitioner down in Florida under the Rogers Rule. . . under the Misdemeanor Exception. . . ." Such requests would be improper even under the lower standard for ordinary civil discovery, much less the heightened requirements in habeas proceedings. Accordingly, for the reasons stated above and on the record I reaffirm my ruling that petitioner has failed to demonstrate good cause to obtain responses to his requests for Factual Admissions.

Petitioner's August 29, 2016 filing also contains a "Clarification of Discovery Material Request" in which he itemizes six (6) audio tapes he seeks to obtain. As this is not part of petitioner's request for reconsideration of my ruling on audio tapes (nor could it properly be, as there is no indication that the court ignored controlling decisions or data with respect to the rulings on audio tapes), nor have respondents objected, I will not address the items in the "Clarification." Accordingly, the Motion for Reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 21, 2017

/s
ROBERT M. LEVY
United States Magistrate Judge